UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

TIMOTHY P. TOMS
4312 Olley Lane
Fairfax, Virginia 22032-1839

               Plaintiff,

      v.                       Civil Action No.

Office of the Architect of the Capitol
United States Capitol Building
Washington, D.C.

Serve:

      STEPHEN AYERS
      Acting Architect of the Capitol
      Office of the Architect of the Capitol
      Washington, D. C.
            (in his official capacity)

and

ALAN HANTMAN
Address Unknown
Washington, D. C.
      (in his personal capacity)

and

RICHARD MCSEVENEY
Address Unknown, Virginia
      (in his personal capacity)

and

Arthur McIntye
Inspector General
Office of the Architect of the Capitol
Washington, D. C.
      (in his personal capacity)

and

EDGARD MARTINEZ
Office of General Counsel
Office of the Architect of the Capitol
        (in his personal capacity)

and

GERAND WALKER
Address Unknown, Maryland
        (in his personal capacity)

and

REBECCA TISCIONE
Director of Human Resources Management Division
Office of Architect of the Capitol
        (in her personal capacity)

## COMPLAINT AND JURY DEMAND

COMES NOW the Plaintiff, Timothy P. Toms, and for his Complaint against the

Defendants, shows this Court the following:

## NATURE OF THE ACTION

1.  Defendants, named in their official and individual capacities, refused to provide

Plaintiff with a copy of the tape recording made of the administrative hearing held pursuant

to the October 21, 2004 Proposal to Terminate Plaintiff from his due process property

interest in employment and GS-13 auditor position in the Office of the Inspector General of

the Defendant Office of the Architect of the Capitol, "Defendant Office of the AOC;"

unconstitutional violation of Plaintiff's meaningful right of access to the courts and

meaningful right of Petition under the First Amendment; unconstitutional violation of due

process and right to equal protection under the Fifth Amendment; unconstitutional violation

of the privileges and immunities clause of Article IV of the Constitution; violation of 2 U.S.C.

1831(c)(2)(F) and the Architect of the Capitol's Personnel Manual Chapter 752, Discipline, statutory regulations duly promulgated thereto; and, violation of 2 U.S.C. 60-1(a) and (b).

2.    Defendants, named in their official and individual capacities, refused to provide Plaintiff with a copy of the Hearing Officer's decision pursuant to the administrative hearing held on the October 21, 2004 Proposal to Terminate Plaintiff from his due process property interest in employment and GS-13 auditor position in the Office of the Inspector General of the Defendant Office of the AOC; unconstitutional violation of Plaintiff's meaningful right of access to the courts and meaningful right of Petition under the First Amendment; unconstitutional violation of due process clause and right to equal protection under the Fifth Amendment; unconstitutional violation of the privileges and immunities clause of Article IV of the Constitution; violation of 2 U.S.C. 1831(c)(2)(F) and the Architect of the Capitol's Personnel Manual Chapter 752, Discipline, statutory regulations duly promulgated thereto; and violation of 2 U.S.C. 60-1(a) and (b).

3.    Defendants, named in their official and individual capacities, refused to provide Plaintiff with a copy of the alleged victim and witness statements provided United States Capitol Police Officers and/or /Detectives in noncompliance with the Order of the Hearing Officer pursuant to the administrative hearing held on the October 21, 2004 Proposal to Terminate Plaintiff from his due process property interest in employment and GS-13 auditor position in the Office of the Inspector General of the Defendant Office of the AOC; unconstitutional violation of Plaintiff's meaningful right of access to the courts and meaningful right of Petition under the First Amendment; unconstitutional violation of due process clause and right to equal protection under the Fifth Amendment; unconstitutional violation of the privileges and immunities clause of Article IV of the Constitution; violation of

2 U.S.C. 1831(c)(2)(F) and the Architect of the Capitol's Personnel Manual Chapter 752, Discipline, statutory regulations duly promulgated thereto; and violation of 2 U.S.C. 60-1(a) and (b).

4.    Defendants, named in their official and personal capacities, discharged the Plaintiff absent a preponderance of evidence pursuant to the administrative hearing held on the October 21, 2004 Proposal to Terminate Plaintiff from his due process property interest in employment and GS-13 auditor position in the Office of the Inspector General of the Defendant Office of the AOC; unconstitutional violation of the substantive due process rights and entitlements provided the Plaintiff by the Fifth Amendment of the Constitution of the United States; violation of 2 U.S.C. 1831(c)(2)(F) and the "Architect of the Capitol's Personnel Manual Chapter 752 - Discipline, statutory regulations duly promulgated thereto; and, violation of 2 U.S.C. 60-1(a) and (b).

5.    Defendants, named in their official and personal capacities, refused to provide the Plaintiff with a copy of the tape recording made of the administrative hearing held pursuant to the October 21, 2004 Proposal to Terminate Plaintiff from his due process property interest in employment and GS-13 auditor position in the Office of the Inspector General of the Defendant Office of the AOC; unconstitutional violation of Plaintiff's procedural due process entitlement to a meaningful opportunity to be heard provided Plaintiff by the Fifth Amendment to the Constitution of the United States; violation of 2 U.S.C. 1831(c)(2)(F) and the Architect of the Capitol's Personnel Manual Chapter 752 - Discipline, statutory regulations duly promulgated thereto; and, violation of 2 U.S.C. 60-1(a) and (b).

6.    Defendants, named in their official and personal capacities, refused to provide the Plaintiff a copy of the decision of the Hearing Officer pursuant to the administrative

termination hearing conducted pursuant to the October 21, 2004 Proposal to Terminate the Plaintiff from his due process property interest in employment and GS-13 auditor position in the Office of Inspector General of Defendant Office of the AOC; unconstitutional violation of Plaintiff's procedural due process entitlement to a meaningful opportunity to be heard provided by the Fifth Amendment to the Constitution of the United States; violation of 2 U.S.C. 1831(c)(2)(F) and the Architect of the Capitol's Personnel Manual Chapter 752 - Discipline, statutory regulations duly promulgated thereto; and, violation of 2 U.S.C. 60-1(a) and (b).

7.   Defendants, named in their official and individual capacities, refused to provide Plaintiff with a copy of the alleged victim and witness statements provided United States Capitol Police Officers and/or Detectives pursuant to the Order of the Hearing Officer pursuant to the administrative hearing held on the October 21, 2004 Proposal to Terminate Plaintiff from his due process property interest in employment and GS-13 auditor position in the Office of the Inspector General of the Defendant Office of the AOC; unconstitutional violation of Plaintiff's procedural due process entitlement to a meaningful opportunity to be heard provided Plaintiff by the Fifth Amendment to the Constitution of the United States; violation of 2 U.S.C. 1831(c)(2)(F) and the Architect of the Capitol's Personnel Manual Chapter 752 - Discipline, statutory regulations duly promulgated thereto; and, violation of 2 U.S.C. 60-1(a) and (b).

## JURISDICTION AND VENUE

8.   The Court has jurisdiction over the subject matter of this action pursuant to the due process violations of the Fifth Amendment; 28 U.S.C. 1331 and 28 U.S.C. 1332(a)(i).

9.   At all times relevant hereto, the events and occurrences that are the subject of

this action took place in the District of Columbia. Venue is based on 28 U.S.C. 1391(b).

10. Plaintiff files this Complaint within three years of receipt on March 1, 2005, of the February 24, 2005 notice of his discharge from his employment and his due process Fifth Amendment property interest in employment with Defendant AOC effective March 4, 2005.

## PARTIES

11. Defendant Office of the Architect of the Capitol, "Defendant Office of the AOC," is an instrumentality of the United States Congress.

12. Plaintiff was appointed on November 1, 1999 to his due process property interest in employment and GS-13 auditor position in the Office of the Inspector General of the Defendant Office of the AOC.

13. Plaintiff was discharged on March 4, 2005 from his due process property interest in employment and GS-13 auditor position in the Office of the Inspector General of the Defendant Office of the AOC.

14. Plaintiff, at time of his discharge, had neither worked in his auditor position in the Office of the Inspector General or as an auditor since on or about April 1, 2003, a period of approximately 2 years.

15. Mr. Arthur McIntye and Mr. Alan Hantman, respectively Inspector General and Architect of the Capitol, were Plaintiff's first and second line supervisors at all times herein irrespective of the two year removal and reassignment of Plaintiff from his auditor position and authority in the Office of the Inspector General for the period of November/December 2002 - March 4, 2005.

16. Plaintiff, at the time of his appointment, had 16 prior years of government

service as an auditor; the last fourteen years of which Plaintiff was an auditor in the Defense Contract Audit Agency pursuant to which Plaintiff had a "secret security clearance."

17.  Plaintiff graduated Eastern Michigan University in 1983 with a Bachelor's degree in Business Administration, BBA.

18.  Plaintiff in 1986 was certified as a Certified Public Accountant, "CPA," and in 1991 was certified as a Certified Fraud Examiner.

19.  Plaintiff, when he entered employment with Defendant Office of the AOC, had no criminal record of arrest or criminal record of conviction.

20.  Defendant Alan Hantman, at all times pertinent hereto, was the Architect of the Capitol who, pursuant to his position as Architect, terminated Plaintiff effective March 4, 2004 from his due process property interest in employment and his GS-13 auditor position with Defendant Office of the AOC in violation of the constitutional due process entitlements provided the Plaintiff pursuant to the substantive and procedural due process clauses of the Fifth Amendment to the Constitution; the equal protection clause under the Fifth Amendment to the Constitution; the meaningful right of redress and meaningful right to petition the Courts for redress under the First Amendment to the Constitution; the privileges and immunities clause of Article IV of the Constitution; "Architect of the Capitol's Personnel Manual Chapter 752, Discipline," "Chapter 752" and the process due the Plaintiff as identified by the Court in *Vanover* v. *Office of the Architect of the Capitol, et al*, 77 F.Supp.2d 91(D.D.C.1999) which included providing Plaintiff with a copy of the Hearing Officer's decision and a copy of the tape recording of the administrative hearing.

21.  Defendant Arthur McIntye, at all times pertinent hereto, was Inspector of

Defendant Office of the AOC, a division of Defendant Office of the AOC, and Plaintiff's first line supervisor.

22.   Defendant McIntye by letter of October 21, 2004 proposed the Chapter 752 termination of Plaintiff from his due process property interest in employment and GS-13 auditor position in Defendant Office of the AOC.

23.   Defendant Richard McSeveney, at all times pertinent hereto, as the Chief Operating Officer of Defendant AOC, "COO," concurred in Defendant McIntye's October 21, 2004 Proposal to Terminate Plaintiff from his due process property interest in employment and GS-13 auditor position in Defendant Office of the AOC.

24.   Defendant Edgard Martinez, at all times pertinent hereto, was an attorney in the Office of Employment Counsel of Defendant AOC who, along with Chief Employee Relations Specialist Walker, represented Defendant Office of the AOC at the administrative termination hearing conducted pursuant to the Chapter 752 "Proposal to Terminate" the Plaintiff from his due process property interest in employment with Defendant Office of the AOC.

25.   Defendant Gerand Walker, at all times pertinent hereto, was the Chief Employee Relations Specialist in the Human Resources Management Division of the Defendant Office of the AOC, who along with Employment Counsel Martinez,  represented Defendant Office of the AOC at the Chapter 752 administrative termination hearing conducted pursuant to the Chapter 752 "Proposal to Terminate" the Plaintiff from his due process property interest in employment and GS-13 auditor position in Defendant Office of the AOC.

26.   Defendant Rebecca Tiscione, at all times pertinent hereto, as Director of Human

Resources Management Division of Defendant AOC, was the administrative officer charged with both administrative oversight of the Chapter 752 process and hands on oversight of the instant matter respecting the Chapter 752 administrative disciplinary process implemented pursuant to the "Architect of the Capitol's Personnel Manual Chapter 752, Discipline," hereinafter "Chapter 752."

### STATUTORY, REGULATIONS AND CASE LAW PERTINENT HERETO

27.  In 1994 Congress duly enacted the Architect of the Capitol's Human Resources Act, 2 U.S.C. 1831, formerly 40 U.S.C. 166b-7.

28.  George White, former Architect of the Capitol White, pursuant to 2 U.S.C. 1831(b)(1), pursuant to his mandate as Architect, developed human resources management programs consistent with the practices common among other Federal and private sector organizations; a personnel management system that incorporated fundamental principles that exist in other modern personnel systems.

29.  Former Architect White, pursuant to the Congressional mandates in 2 U.S.C. 1831(b)(1), 2 U.S.C. 1831(b)(2) and 2 U.S.C. 1831(c)(2)(F), promulgated a uniform and progressive discipline policy; statutory regulations, identified as the "Architect of the Capitol's Personnel Manual Chapter 752 - Discipline," "Chapter 752."

30.  Said uniform statutory regulations, "Chapter 752," were patterned after and consistent with the due process Fifth Amendment property interest established for employees of the Executive Branch of the Federal Government as set forth in 5 U.S.C. Chapter 75 and 5 CFR Chapter 750. respectively.

31.  Former Architect White, pursuant to his mandate in 2 U.S.C. 1831(d), provided the Speaker of the House and the Senate Rules Committee with a copy of said statutory

regulations.

32.   Defendant Alan Hantman and former Architect White, as former Architects of the Capitol, had sole authority to promulgate statutory regulations providing for the disciplining and discharging of employees from their employment and due process Fifth Amendment property interest in employment with Defendant AOC pursuant to 2 U.S.C. 1831(b)(2); 2 U.S.C. 1831(c)(2)(F); 2 U.S.C. 1831(d); and, 2 U.S.C. 60-1(a) and (b).

33.   The District Court in *Vanover* v. *Hantman, et. al.*, 77 F.Supp. 2d 91(D.D.C., 1999) determined that the "notice" and "opportunity to be heard" provisions in said Chapter 752 as provided an employee with a due process Fifth Amendment property interest in employment: which included providing the employee with a copy of the tape of the administrative hearing conducted to terminate the employee and a copy of the Hearing Officer's decision produced pursuant to the hearing conducted to terminate the employee as well as notice to the employee; a response by the employee to the charges; management's concurrence in the charges; an administrative hearing on the charges pursuant to the "preponderance of evidence" as the standard of proof and a "burden of proof" with the Defendant Office of the AOC;  and, a decision of the hearing officer based on the evidence presented.

34.   The same statutory regulations tht were in effect and ruled upon by the District Court in *Vanover* v. *Hantman, et. al.*, 77 F.Supp. 2d 91(D.D.C., 1999), providing all the procedures that were due the plaintiff in *Vanover, id.*, were in effect with regard to the October 21, 2004 Proposal to Terminate the Plaintiff and the administrative hearing conducted pursuant to said October 21, 2004 Proposal to Terminate the Plaintiff from his employment and from his due process Fifth 9mendment property interest in employment

with Defendant

35.   There is no common law, constitutional, statutory, or regulatory provision creating a "privilege" respecting the decision of a Hearing Officer rendered at the conclusion of a Chapter 752 termination hearing.

36.   There is no statute or duly promulgated regulation establishing a "confidentiality" in the decision of the Hearing Officer rendered at the conclusion of a Chapter 752 termination hearing.        37.  Section 2 U.S.C.1341 of the Congressional Accountability Act and the regulations promulgated thereto as made applicable to Defendant Office of the AOC by the Board of Directors of the Office of Compliance requiring potable water to be provided permanent employees of the Defendant Office of the AOC.

## FACTUAL BACKGROUND OF THE INSTANT MATTER

38  Defendant Architect Hantman, by letter of November 26, 2002, directed Plaintiff to report to Defendant General Counsel Tyler for specific assignment to work under General Counsel Tyler respecting the auditing of a contract claim respecting the Botanical Gardens, a division of Defendant Office of the AOC.

39.  Plaintiff, pursuant to his reassignment under General Counsel Tyler, was:

a. was removed from under the first line supervision of Inspector General McIntye;

b. was physically removed from his office in the Capitol;

c. reported to the "Legal Trailer" on the grounds of the Capitol Power Plant;

d. was ordered to only work on the audit of the Botanical Gardens contract;

e. was deprived of all authority respecting his auditing position under the Office of the Inspector General; and;

f.  was ordered to refrain from stating at all times that he was working under the authority of the Office of the Inspector General and/or the authority of the Office of General Counsel.

40.  On or about April 1, 2003, Plaintiff completed his audit of the Botanic Gardens contract.

41.  Plaintiff, upon completion of the Botanic Gardens audit, did not return Plaintiff to his auditor position in the Office of the Inspector General but was reassigned to the "trailer" located on the grounds of the West Front of the grounds of the United States Capitol, hereinafter "West Front Trailer" and reported to Hector Suarez, Administrative Assistant to the Architect of the Capitol.

42.  The West Front Trailer in April, 2003 was occupied solely by the Senate Television crew.

43.  Defendant Office of the AOC provided tap water to the West Front Trailer but did not advise the Plaintiff nor the Senate Television crew occupying said trailer that said tap water was not potable and was not to be drunk.

44.  On or about June/July 2003, the pipes providing the tap water to said West Front Trailer broke.

45.  Matthew Evans, Landscape Architect in Defendant Office of the AOC, pursuant to the break in the water pipes, advised Plaintiff that the water provided the West Front Trailer was not potable as the chemicals and pesticides used by the Office of the Landscape Architect on the Capitol grounds leeched into the water pipes supplying the tap water to said West Front Trailer then occupied by Plaintiff and the Senate Television Crew.

46.  Plaintiff by this time, June/July 2003, had been drinking said non-potable tap

water

for an approximate period of four months.

47.   Plaintiff posted signs not to drink the tap water and apprized the Senate Television crew not to drink the tap water pursuant to the information he received from Landscape Architect Evans.

48.   Plaintiff at this time asked Hector Suarez, Administrative Assistant to the Architect, to submit a purchase order requisition for bottled water and a cooler for use of the occupants of said West Front Trailer.

49.   Plaintiff, while waiting for delivery of the bottled water and a cooler to be provided by Defendant Office of the AOC, twice a day obtained potable drinking water from the House side of the Capitol Building.

50.   On or about October/November 2003, Ms. Serena Coleman, newly hired Director of the newly established Workforce Planning and Management Section of the Human Resources Management Division of Defendant Office of the AOC entered employment with said Defendant and was assigned, with a subordinate workforce, to the West Front Trailer.

51.   Plaintiff dutifully advised Director Coleman and her subordinate personnel that they were not to drink the tap water in the trailer.

52.   After long delay, on or about January/February 2004, bottled water and a water cooler was provided Plaintiff and the other occupants of the West Front Trailer: the Workforce Planning and Management Section of the HRMD of Defendant Office of the AOC; and, the United States Capitol Police who by then were using said West Front Trailer as a break room.

53.  The bottled water and water cooler were initially positioned in the kitchen area of said West Front Trailer.

54.  Thereafter, pursuant to Director Coleman's and her subordinate's displeasure with what they believed to be an overly amount of water consumed by the United States Capitol Police Officers, the bottled water and water cooler were moved by Director Coleman's order into the outer office of the Workforce Planning and Management Section of the West Front Trailer thereby depriving the police officers of said potable water and requiring the Plaintiff to enter the office of the Workforce Planning and Management Section to avail himself of the potable water that he had obtained pursuant to learning that the tap water he had been drinking was contaminated by the leeching chemicals used by the Landscape Architect's Division of Defendant Office of the AOC.

55.  Plaintiff, learning that the Workplace Planning and Management Section of the HRMD was to move from the West Front Trailer to quarters in the Ford House Office Building, moved the bottled water from within the "office" of said Workforce Planning and Management Section in the West Front Trailer into his "office" in the West Front Trailer at the end of his workday on October 5, 2004.

56.  On October 8, 2004, Plaintiff in the early morning moved the water cooler from the office of the Workplace Planning and Management Section in the West Front Trailer into his office in the West Front Trailer and he was not moving to the Ford House Office Building and required the bottled water and water cooler pursuant to the OSHA regulations made applicable to the Defendant Office of the AOC pursuant to 2 U.S.C. 1341 of the Congressional Accountability Act.

57.  Plaintiff, at approximately 8:00am on October 8, 2004, was confronted by a

member of said Workforce Planning and Management Section and questioned as to what he had done with the bottled water and water cooler.

58.    Thereafter, at approximately 9:00am on October 8, 2004, Plaintiff was confronted by an angry, loud and aggressive Director Coleman who forcibly attempted to enter the "office" of the Plaintiff and retrieve the bottled water and water cooler Plaintiff had moved into his "office" on or about the end of his workday on October 5, 2004.

59.   The angry, loud and aggressive Director Coleman confronted the Plaintiff who, standing at the door to his "office," refused Director Coleman's forcible attempt to enter into his "office."

60.   USCP Officer Raviecca, appearing from the break room, removed Director Coleman from the area around the open doorway of the office of Plaintiff; ordered the Plaintiff to stay within his office and to write a statement respecting the incident between Director Coleman and the plaintiff occurring at the doorway to his Plaintiff's office.

61.   Director Coleman returned to her office.

62.   Another USCP Officer stood in the corridor in front of Plaintiff's office for the purpose of preventing Plaintiff from leaving his "office" and leaving the West Front Trailer.

63.   At approximately 10:00am on October 8, 2004, Plaintiff was handcuffed and arrested by USCP Officer Raviecca and charged with Simple Assault on the person of Director Coleman pursuant to Director Coleman's aggressive and forcible attempt to enter Plaintiff's office and Plaintiff's refusal to permit said entry of Director Coleman into his "office."

64.   Plaintiff was taken to USCP Headquarters and placed in what appeared to be an interrogation room where he was handcuffed to a wall.

65.  Plaintiff was thereafter transported to Central Cell Block of the Metropolitan Police Department at 300 Indiana Avenue, N.W., Washington, D. C. where he was photographed and fingerprinted.

66.  Plaintiff was released from the Central Cell Block on citation to appear in the Superior Court of the District of Columbia on October 26, 2004 and returned to USCP Headquarters to pick up his personal items and thereafter returned to the West Front Trailer at which time he learned he was not to report to work until further notice.

67.  Plaintiff, by first class mail, learned he was placed on administrative leave on October 12, 2004.

68.  Defendant McIntye, Plaintiff's first line supervisor on paper only pursuant to the temporary assignments of two years duration, by letter of October 24, 2004, proposed the termination of Plaintiff from his employment and due process property interest in employment and GS-13 auditor position pursuant to the uniform, due process and progressive discipline policy identified hereinabove as "Chapter 752."

69.  The October 24, 2004 Proposal to Terminate the Plaintiff was based on the same acts claimed in support of his arrest of the Plaintiff for Simple Assault on Director Coleman on October 8, 2004:  Director Coleman's angry and aggressive attempt to enter the office of the plaintiff and plaintiff's refusal to allow Director Coleman to forcibly enter Plaintiff's "office" and retrieve the bottled water and water cooler Plaintiff had requested and was provided and was provided by Hector Suarez, Administrative Assistant to the Architect of the Capitol, in compliance with OSHA requirements respecting potable water made applicable to Defendant Office of the AOC by Section 2 U.S.C. 1341 of the Congressional Accountability Act.

70.  Defendant McIntye alleged in said October 24, 2004 Proposal to Terminate that Plaintiff "endanger[ed] a member of the staff through intimidation and assault, which negatively impacts the mission of the Architect of the Capitol to serve Congress and violates the Architect of the Capitol Violence in the Work Place policy 900-2 and Sections 5.0 and 5.1 of the Office of the Architect Policy, `Standards of Conduct,' dated May 11, 1989."

71.  On October 26, 2004, two days subsequent to the issuance of said October 24, 2004 Proposal to Terminate, Plaintiff, pursuant to and in compliance with his citation release, appeared in the Superior Court of the District of Columbia.

72.  On October 26, 2004, two days subsequent to the issuance of the October 24, 2004 Proposal to Terminate, the Office of the United States Attorney for the District of Columbia "no papered" the Simple Assault charge for which Plaintiff was arrested on October 8, 2004.

73.  Plaintiff, by letter of October 29, 2004 to Defendant McSeveney, timely responded to the October 24, 2004 Proposal to Terminate issued by Defendant Inspector General McIntye.

74.  Plaintiff, by his letter of October 29, 2004, notified Defendant McSeveney in addition to denying the charges alleged in the Proposal to Terminate, that the criminal charges against him resulting from the incident alleged in said Proposal to Terminate had been "no papered" by the Office of the United States Attorney; the same alleged behavior supporting the October 24, 2004 Proposal to Terminate the Plaintiff from his due process property interest in employment and his GS-13 auditor position in Defendant Office of the AOC.

17

75.   Defendant McSeveny by letter of November 5, 2004 concurred with the Proposal to Terminate Plaintiff stating that Plaintiff "did not provide me with sufficient information to persuade me to modify the proposal."

76.   Plaintiff timely requested an administrative hearing on the Proposal to Terminate pursuant to the due process "notice" and "opportunity to be heard" provisions of Chapter 752.

77.   Defendant Walker, pursuant to Plaintiff's request for an administrative hearing, provided Plaintiff with a "booklet" of unknown supporting authority and unknown authorship and unknown and unidentified origin containing alleged rules respecting the administrative hearing requested by Plaintiff pursuant to Defendant McIntye's October 24, 2004 Proposal to Terminate.

78.   Plaintiff, by said "booklet," was advised that the Plaintiff was not entitled to and would not be provided a copy of the decision of the Hearing Officer; a violation of the procedural and substantive Chapter 752 due process entitlements identified by the Court in *Vanover* v. *Hantman, et. al.*, 77 F.Supp. 2d 91(D.D.C., 1999); and, violation of the Congressional mandates established for the promulgation of the uniform statutory regulations provided in 2 U.S.C. 1831(b)(1), 2 U.S.C. 1831(b)(2), 2 U.S.C. 1831(c)(2)(F) and 2 U.S.C. 1831(d).

79.   On November 4, 2004, Plaintiff submitted a Motion to Seal All Records Relating to his Arrest for Simple Assault on October 8, 2006.

80.   On November 18, 2004, Magistrate Judge Albert Ordered the Office of the United States Attorney to file a response to the Defendant's Motion to Seal within sixty (60) days of the entry of this Order, pursuant to Super. Ct.Crim. R. 118(c).  Otherwise, the

Defendant's Motion may be considered conceded."

81.  On January 19, 2005, the Office of the United States Attorney submitted notice to the Court that it "[did] not oppose defendant's, [Toms'], motion to seal the arrest record in the above referenced case.  Additionally, the government states that it has reviewed the facts in the instant case, and believes that this Court could find, by clear and convincing evidence, that the defendant did not commit the offense for which he was arrested."

82.  A Chapter 752 hearing was conducted on February 2, 2005; approximately two weeks subsequent to the Office of the United States Attorney submitting notice to the Court that it "[did] not oppose defendant's, [Toms'], motion to seal the arrest record in the above referenced case.  Additionally, the government states that it has reviewed the facts in the instant case, and believes that this Court could find, by clear and convincing evidence, that the defendant did not commit the offense for which he was arrested."

83.  Plaintiff and his counsel were advised by the Hearing Officer at the commencement of the Chapter 752 disciplinary hearing that Defendant Office of the AOC had the burden of proof.

84.  No standard of proof was identified at the commencement of the Chapter 752 hearing nor was a standard of proof set forth in said Chapter 752.

85.  Plaintiff and his counsel were advised by the Hearing Officer at the commencement of the Chapter 752 disciplinary hearing that, pursuant to a written request, the Plaintiff was entitled to a copy of the tape recording of the Chapter 752 administrative hearing.

86.  Plaintiff, by his counsel, thereupon made handwritten request for a copy of the tape recording of the administrative hearing and served said request upon Defendant

Walker and Defendant Martinez.

87. Statements were provided USCP Police Officers and/or USCP Detectives by the alleged victim and witnesses which had not been provided the Plaintiff prior to the commencement of the administrative hearing on February 2, 2005.

88. Plaintiff, by his counsel, at the commencement of the hearing on February 2, 2005, requested a copy of said statements given the USCP Officers and/or USCP Detectives at.

89. The Hearing Officer ordered Defendant Walker and Defendant Martinez to obtain said alleged victim and witness statements from the USCP Officers and/or Detectives and provide copies of said statements to the Plaintiff and his counsel at the conclusion of the hearing.

90. The Hearing Officer further ordered that she would leave the record open for one week following the conclusion of the hearing for the Plaintiff to submit a memorandum, if so desired, respecting said statements made by the alleged victim and witnesses to the USCP Officers and/or USCP Detectives.

91. Defendant Walker and Defendant Martinez never provided the copies of the statements made by the alleged victim and witnesses to the USCP Police Officers and/or USCP Detectives as so ordered by the Hearing Officer at the commencement of the February 2, 2005 administrative hearing on the Proposal to Terminate the Plaintiff.

92. Plaintiff, by his counsel, during the course of the hearing, made it known to the Hearing Officer, that the Office of the United States Attorney had conceded Plaintiff's Motion to Expunge the criminal record of arrest of the Plaintiff and that the granting of said Motion by Judge Albert of the Superior Court of the District of Columbia was pending.

93. Defendant McIntye and Director Coleman were witnesses for Defendant Office of the AOC.

94. Plaintiff called USCP Officer Raviecca as his sole witness.

95. Director Coleman, contrary to Defendant McIntye's Proposal to Terminate, Defendant McSeveney's letter of concurrence and the Final Decision of the Architect, testified and admitted that the purchase order requisition for the water and water cooler had been submitted by the Plaintiff to Hector Suarez by the Plaintiff and not the Office of Workforce Planning and Management and that the water and water cooler were provided the West Front Trailer pursuant to the efforts of the Plaintiff.

96. Director Coleman, contrary to Defendant McIntye's Proposal to Terminate Plaintiff, Defendant McSeveney's letter of concurrence and the Final Decision of the Architect of the Capitol, testified and admitted she was neither intimidated nor frightened by the Plaintiff on October 8, 2004.

97. Director Coleman testimony at the administrative hearing was in stark conflict with the statement she gave the Inspector General, Defendant McIntye which was used by the Inspector General in support of issuing his October 21, 2004 Proposal to Terminate the Plaintiff from his due process property interest in employment and GS-13 auditor position with the Defendant Office of the AOC

98. Plaintiff, by February 24, 2005 letter and final decision of Chief Operating Officer McSeveney, received by Plaintiff on March 1, 2005, was terminated effective March 4, 2005, from his due process property interest in employment Defendant AOC.

99. The Office of the United States Attorney submitted a proposed order to Expunge Arrest Records which was adopted and executed on February 25, 2005, by Judge Albert

which provided and Ordered in pertinent part that the United States Attorney shall collect from the files of his office, the law enforcement agency responsible for defendant's arrest and/or the Metropolitan Police Department, and the Federal Bureau of Investigation, all records of the defendant's arrest in their cental files, including without limitation all photographs, fingerprints, and other identification  data, and the United States Attorney shall otherwise comply with the provisions of Rule 118(f)(2)(A) and (b)

100.  Judge Albert further ordered that the United States Attorney shall file with the Clerk of the Court, within sixty (60) days, all records collected pursuant to the Order together with a certificate that to the best of the United States Attorney's knowledge and belief, no further records exist in the United States Attorney's possession or in the possession of other agencies from which records have been ordered to be collected or those of its disseminees, or that, if such records exist, steps have been taken to retrieve them.

101.  Subsequent to the administrative hearing, Plaintiff, by March 10, 2005 letter to Defendant Walker and two additional oral requests thereafter, requested a copy of the tape recording of the administrative hearing and a copy of the Hearing Officer's decision, made additional requests for a copy of the tape of the administrative termination hearing.

102.  Defendant Walker, former Chief of the Employee Relations Branch of the HRMD, advised Plaintiff at all times that the tape was unavailable and he was not entitled to a copy of the Hearing Officer's decision.

## COUNT I

103.  Plaintiff incorporates each and every allegation set forth in Paragraph 1 through Paragraph 1 through 102 as though fully set forth herein.

104.   Defendant Office of the AOC and Defendants, served in their personal capacity, in refusing to provide Plaintiff with a copy of the tape recording made of the administrative hearing held pursuant to the October 21, 2004 Proposal to Terminate Plaintiff from his due process property interest in employment and GS-13 auditor position in the Office of the Inspector General of the Defendant Office unconstitutionally violated Plaintiff's meaningful right of access to the courts and  meaningful right of Petition provided by the First Amendment, the due process and right to equal protection under the Fifth Amendment, the privileges and immunities clause of Article IV of the Constitution; 2 U.S.C. 1831(c)(2)(F) and the Architect of the Capitol's Personnel Manual Chapter 752, Discipline, statutory regulations duly promulgated thereto; and, 2 U.S.C. 60-1(a) and (b).

105.   The effect of the Defendants' refusing to provide Plaintiff with a copy of the tape recording made of the administrative hearing held pursuant to the October 21, 2004 Proposal to Terminate Plaintiff was and is to deprive Plaintiff of his meaningful right of access to the courts and  meaningful right to Petition this Court respecting the Final Decision of Alan Hantman, former Architect of the Capitol, discharging Plaintiff from his due process property interest in employment and GS-13 position with the Defendant Office of the AOC.

106.   As a direct and proximate cause of the actions set forth above Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, attorney's fees and other compensatory damages.

## COUNT II

107.   Plaintiff incorporates each and every allegation set forth in Paragraph 1

through Paragraph 1 through 106 as though fully set forth herein.

108.   Defendant Office of the AOC and Defendants, served in their personal capacity, in refusing to provide Plaintiff with a copy of decision of the Hearing Officer pursuant to the February 2, 2005 administrative hearing on the October 21, 2004 Proposal to Terminate Plaintiff from his due process property interest in employment and GS-13 auditor position in the Office of the Inspector General of the Defendant Office unconstitutionally violated Plaintiff's meaningful right of access to the courts and meaningful right of Petition provided by the First Amendment, the due process and right to equal protection under the Fifth Amendment, the privileges and immunities clause of Article IV of the Constitution; 2 U.S.C. 1831(c)(2)(F) and the Architect of the Capitol's Personnel Manual Chapter 752, Discipline, statutory regulations duly promulgated thereto; and, 2 U.S.C. 60-1(a) and (b).

109.   The effect of the Defendants' refusing to provide Plaintiff with a copy of the decision of the Hearing Officer pursuant to the February 2, 2005 administrative hearing on the October 21, 2004 Proposal to Terminate Plaintiff was and is to deprive Plaintiff of his meaningful right of access to the courts and meaningful right to Petition this Court respecting the Final Decision of Alan Hantman, former Architect of the Capitol, discharging Plaintiff from his due process property interest in employment and GS-13 position with the Defendant Office of the AOC.

110.   As a direct and proximate cause of the actions set forth above Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, attorney's fees and other compensatory damages.

**COUNT III**

111.   Plaintiff incorporates each and every allegation set forth in Paragraph 1 through Paragraph 1 through 110 as though fully set forth herein.

112.   Defendant Office of the AOC and Defendants, served in their personal capacity, in refusing to provide Plaintiff with a copy of the alleged victim and witness statements provided USCP Police Officers and/or USCP Detectives in noncompliance with the Order of the Hearing Officer pursuant to the administrative hearing held on the October 21, 2004 Proposal to Terminate Plaintiff from his due process property interest in employment and GS-13 auditor position in the Office of the Inspector General of the Defendant Office of the AOC pursuant to the February 2, 2005 administrative hearing on the October 21, 2004 Proposal to Terminate Plaintiff from his due process property interest in employment and GS-13 auditor position in the Office of the Inspector General of the Defendant Office unconstitutionally violated Plaintiff's meaningful right of access to the courts and  meaningful right of Petition provided by the First Amendment, the due process and right to equal protection under the Fifth Amendment, the privileges and immunities clause of Article IV of the Constitution; 2 U.S.C. 1831(c)(2)(F) and the Architect of the Capitol's Personnel Manual Chapter 752, Discipline, statutory regulations duly promulgated thereto; and, 2 U.S.C. 60-1(a) and (b).

113.   The effect of the Defendants' refusing to provide Plaintiff with a copy of the alleged victim and witness statements provided USCP Police Officers and/or USCP Detectives in noncompliance with the Order of the Hearing Officer pursuant to the February 2, 2005 administrative hearing held on the October 21, 2004 Proposal to Terminate Plaintiff was and is to deprive Plaintiff of his meaningful right of access to the courts and meaningful

right to Petition this Court respecting the Final Decision of Alan Hantman, former Architect of the Capitol, discharging Plaintiff from his due process property interest in employment and GS-13 position with the Defendant Office of the AOC.

114.  As a direct and proximate cause of the actions set forth above Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, attorney's fees and other compensatory damages.

## COUNT IV

115.  Plaintiff incorporates each and every allegation set forth in Paragraph 1 through Paragraph 1 through 114 as though fully set forth herein.

116.  Defendant Office of the AOC and Defendants, served in their personal capacity, in

discharging Plaintiff  from his due process property interest in employment and GS-13 position in the Office of Inspector General of the Defendant AOC  absent a preponderance of evidence pursuant to the February 2, 2005 administrative hearing on the October 21, 2004 Proposal to Terminate Plaintiff, unconstitutionally violated Plaintiff's right and entitlement to substantive due process provided by the Fifth Amendment of the Constitution of the United States;  2 U.S.C. 1831(c)(2)(F)  and the Architect of the Capitol's Personnel Manual Chapter 752 - Discipline, statutory regulations duly promulgated thereto; and, 2 U.S.C. 60-1(a) and (b).

117.  The effect of discharging the Plaintiff from his due process property interest in employment and GS-13 auditor position in the Office of the Inspector General of Defendant Office of the AOC absent a preponderance of evidence pursuant to the February 2, 2005 administrative hearing on the October 21, 2005 Proposal to Terminate Plaintiff was to

deprive Plaintiff of his constitutional right and entitlement to the substantive due process provided the Plaintiff under the Fifth Amendment of the Constitution of the United States and the Architect of the Capitol's Personnel Manual Chapter 752, Discipline and to deprive Plaintiff of the process he was due pursuant to said Architect of the Capitol's Personnel Manual Chapter 752, Discipline as determined by the Court in 77 F.Supp.2d 91(1999).

118.   As a direct and proximate cause of the actions set forth above Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, attorney's fees and other compensatory damages.

**COUNT V**

119.   Plaintiff incorporates each and every allegation set forth in Paragraph 1 through Paragraph 1 through 118 as though fully set forth herein.

120.   Defendant Office of the AOC and Defendants, served in their personal capacity, in refusing  to provide the Plaintiff with a copy of the tape recording made of the administrative hearing held pursuant to the October 21, 2004 Proposal to Terminate Plaintiff from his due process property interest in employment and GS-13 auditor position in the Office of the Inspector General of the Defendant Office of the AOC unconstitutionally violated and deprived Plaintiff of his procedural due process entitlement to a meaningful opportunity to be heard provided Plaintiff by the Fifth Amendment to the Constitution of the United States; 2 U.S.C. 1831(c)(2)(F) and the Architect of the Capitol's Personnel Manual Chapter 752 - Discipline, statutory regulations duly promulgated thereto; and, 2 U.S.C. 60-1(a) and (b).

121.   The effect of depriving Plaintiff of a copy of the tape recording made of the administrative hearing held pursuant to the October 21, 2004 Proposal to Terminate

Plaintiff unconstitutionally deprives Plaintiff of his meaningful opportunity to be heard as Plaintiff is unable to support his claim that Defendant Office of the AOC did not sustain its Proposal to Terminate the Plaintiff from his due process property interest in employment and discharge Plaintiff from his GS-13 auditor position in the Office of the Inspector General of the Defendant AOC with respect to:  the merit of the charges presented; the Findings of Fact of the Hearing Officer which are to address the nature and extent of the offense allegedly committed by the Plaintiff; the opinion expressed by the Hearing Officer on the appropriateness of the adverse action, discharge, in relation to the charge in the Proposal; and; the recommendation of the Hearing Officer on the proposed action.

122.   As a direct and proximate cause of the actions set forth above Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, attorney's fees and other compensatory damages.

**COUNT VI**

123.   Plaintiff incorporates each and every allegation set forth in Paragraph 1 through Paragraph 1 through 122 as though fully set forth herein.

124.   Defendant Office of the AOC and Defendants, served in their personal capacity, in

refusing to provide the Plaintiff a copy of the decision of the Hearing Officer pursuant to the administrative termination hearing conducted pursuant to the October 21, 2004 Proposal to Terminate the Plaintiff from his due process property interest in employment and GS-13 auditor position in the Office of Inspector General of Defendant Office of the AOC unconstitutionally violated and deprived Plaintiff of his procedural due process entitlement to a meaningful opportunity to be heard provided by the Fifth Amendment to the

Constitution of the United States;  2 U.S.C. 1831(c)(2)(F) and the Architect of the Capitol's Personnel Manual Chapter 752 - Discipline, statutory regulations duly promulgated thereto; and, 2 U.S.C. 60-1(a) and (b).

125.   The effect of depriving the Plaintiff of a copy of the decision of the Hearing Officer pursuant to the administrative termination hearing conducted pursuant to the October 21, 2004 Proposal to Terminate the Plaintiff unconstitutionally deprived Plaintiff of his meaningful opportunity to be heard as Plaintiff is unable to support his claim that Defendant Office of the AOC did not sustain its Proposal to Terminate the Plaintiff from his due process property interest in employment and discharge Plaintiff from his GS-13 auditor position in the Office of the Inspector General of the Defendant AOC with respect to:  the merit of the charges presented; the Findings of Fact of the Hearing Officer which are to address the nature and extent of the offense allegedly committed by the Plaintiff; the opinion expressed by the Hearing Officer on the appropriateness of the adverse action, discharge, in relation to the charge in the Proposal; and; the recommendation of the Hearing Officer on the proposed action.

126.   As a direct and proximate cause of the actions set forth above Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, attorney's fees and other compensatory damages.

**COUNT VII**

127.   Plaintiff incorporates each and every allegation set forth in Paragraph 1 through Paragraph 1 through 126 as though fully set forth herein.

128.   Defendant Office of the AOC and Defendants, served in their personal capacity, in

refusing to provide the Plaintiff with a copy of the alleged victim and witness statements provided United States Capitol Police Officers and/ or USCP Detectives pursuant to the Order of the Hearing Officer pursuant to the administrative hearing held on the October 21, 2004 Proposal to Terminate Plaintiff unconstitutionally violated and deprived Plaintiff of his procedural due process entitlement to a meaningful opportunity to be heard provided Plaintiff by the Fifth Amendment to the Constitution of the United States; 2 U.S.C.1831(c)(2)(F) and the Architect of the Capitol's Personnel Manual Chapter 752 - Discipline, statutory regulations duly promulgated thereto; and, 2 U.S.C. 60-1(a) and (b).

129. The effect of depriving the Plaintiff a copy of the alleged victim and witness statements provided United States Capitol Police Officers and/ or USCP Detectives pursuant to the Order of the Hearing Officer pursuant to the administrative hearing held on the October 21, 2004 Proposal to Terminate Plaintiff was to unconstitutionally deprive Plaintiff of a meaningful opportunity to

effectively cross examine the witnesses for the Defendant Office of the AOC as well as effectively examine Plaintiff's sole hostile witness; to effectively and accurately assess the credibility of the victim and witnesses; to effectively examine the merit of the charge presented, whether or not it was sustained by examining the consistency or inconsistency of the missing victim and witness statements; to effectively examine the Findings of Fact of the Hearing Officer with respect to the missing victim and witness statements; to effectively examine the opinion and decision expressed by the Hearing Officer on the appropriateness of the adverse action with respect to the consistency or inconsistency of the missing victim and witness statements; to effectively examine the recommendation of the Hearing Officer on the proposed action as it relates to the inconsistency or consistency of the missing

victim and witness statements.

130.   As a direct and proximate cause of the actions set forth above Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages, attorney's fees and other compensatory damages.

WHEREFORE,  Plaintiff the demands the Court for

1.   Judgment against all defendants jointly and severally for refusing to provide Plaintiff with a copy of the tape recording made of the administrative hearing held pursuant to the October 21, 2004 Proposal to Terminate Plaintiff in unconstitutional violation of Plaintiff's meaningful right of access to the courts and  meaningful right of Petition under the First Amendment; the  due process and right to equal protection under the Fifth Amendment; the privileges and immunities clause of Article IV of the Constitution;  2 U.S.C. 1831(c)(2)(F) and the Architect of the Capitol's Personnel Manual Chapter 752, Discipline, statutory regulations duly promulgated thereto; and, 2 U.S.C. 60-1(a) and (b).  (Count I).

2.   Judgment against all defendants jointly and severally for refusing to provide Plaintiff with a copy of the Hearing Officer's decision pursuant to the administrative hearing held on the October 21, 2004 Proposal to Terminate Plaintiff in unconstitutional violation of Plaintiff's meaningful right of access to the courts and meaningful right of Petition provided Plaintiff by the First Amendment; the due process clause and right to equal protection under the Fifth Amendment; the privileges and immunities clause of Article IV of the Constitution; 2 U.S.C. 1831(c)(2)(F) and the  Architect of the Capitol's Personnel Manual Chapter 752, Discipline, statutory regulations duly promulgated thereto; and, 2 U.S.C.  60-1(a) and (b).  (Count II).

3.   Judgment against all defendants jointly and severally for refusing to provide

Plaintiff with a copy of the alleged victim and witness statements provided United States Capitol Police Officers' and/or Detectives in noncompliance with the Order of the Hearing Officer pursuant to the administrative hearing held on the October 21, 2004 Proposal to Terminate Plaintiff in

unconstitutional violation of Plaintiff's meaningful right of access to the courts and meaningful right of Petition provided Plaintiff by the First Amendment; the due process clause and right to equal protection under the Fifth Amendment; the privileges and immunities clause of Article IV of the Constitution; 2 U.S.C. 1831(c)(2)(F) and the Architect of the Capitol's Personnel Manual Chapter 752, Discipline, statutory regulations duly promulgated thereto; and, 2 U.S.C. 60-1(a) and (b). (Count III).

4. Judgment against all defendants jointly and severally for discharging the Plaintiff absent a preponderance of evidence pursuant to the administrative hearing held on the October 21, 2004 Proposal to Terminate Plaintiff in unconstitutional violation of the substantive due process rights and entitlements provided Plaintiff by the Fifth Amendment of the Constitution of the United States; 2 U.S.C. 1831(c)(2)(F) and the Architect of the Capitol's Personnel Manual Chapter 752 - Discipline, statutory regulations duly promulgated thereto; and, 2 U.S.C. 60-1(a) and (b).(Count IV).

5. Judgment against all defendants jointly and severally for refusing to provide Plaintiff with a copy of the tape recording made of the administrative hearing held pursuant to the October 21, 2004 Proposal to Terminate Plaintiff in unconstitutional violation of Plaintiff's procedural due process entitlement to a meaningful opportunity to be heard provided Plaintiff by the Fifth Amendment to the Constitution of the United States; 2 U.S.C. 1831(c)(2)(F) and the Architect of the Capitol's Personnel Manual Chapter 752 - Discipline,

statutory regulations duly promulgated thereto; and, 2 U.S.C. 60-1(a) and (b).  (Count V).

6.  Judgment against all defendants jointly and severally for refusing to provide Plaintiff with a copy of the decision of the Hearing Officer pursuant to the administrative termination hearing conducted pursuant to the October 21, 2004 Proposal to Terminate the Plaintiff in unconstitutional violation of Plaintiff's procedural due process entitlement to a meaningful opportunity to be heard provided Plaintiff by the Fifth Amendment to the Constitution of the United States; 2 U.S.C. 1831(c)(2)(F) and the Architect of the Capitol's Personnel Manual Chapter 752 - Discipline, statutory regulations duly promulgated thereto; and, 2 U.S.C. 60-1(a) and (b). (Count VI).

7.  Judgment against all defendants jointly and severally for refusing to provide Plaintiff with a copy of the alleged victim and witness statements provided United States Capitol Police Officers/Detectives pursuant to the Order of the Hearing Officer pursuant to the administrative hearing held on the October 21, 2004 Proposal to Terminate Plaintiff in unconstitutional violation of Plaintiff's procedural due process entitlement to a meaningful opportunity to be heard provided Plaintiff by the Fifth Amendment to the Constitution of the United States; 2 U.S.C. 1831(c)(2)(F) and the Architect of the Capitol's Personnel Manual Chapter 752 - Discipline, statutory regulations duly promulgated thereto; and, 2 U.S.C. 60-1(a) and (b). (Count VII).

8.  Restoration of the Plaintiff to his due process property interest in employment and GS-13 auditor position in the Office of the Inspector General of the Defendant Office of the AOC.

9.  Compensatory damages for pain and suffering, humiliation and embarrassment, other pecuniary and non-pecuniary losses and damages for lost promotional opportunities

and wages he would have received but for Defendants' unconstitutional actions in an amount yet to be determined against Defendants together with fees, costs, attorney's fees and such other relief as the Court may deem appropriate.

10.  Punitive damages in the amount of $15,000,000.00 (Ten Million Dollars) against Defendants served in their personal capacity.

11.  For such further relief as the court deems just and proper.

<u>JURY TRIAL DEMANDED</u>

Plaintiff requests a jury demand.

Respectfully submitted,

_____
Jeffrey H. Leib, D.C. Bar #89649
5104    34th    Street,    N.W.
        Washington, D. C. 20008
(202) 362 - 0682
(202) 244 - 1120

February 27, 2008

L8-338
RBW

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
TIMOTHY P. TOMS
4312 GLEY LANE
FAIRFAX. VA. 22032-8839.    88888

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Fairfax County, Virginia

## DEFENDANTS
Office of the Architect of
The Capitol, et al.
US Capitol Bldg; WASH DC.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  WASH DC
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TR

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jeffrey H. Leib
5104 34th St NW        202 362 0682
WASH DC 20008         202 244 1120

AT

Case: 1:08-cv-00338
Assigned To : Walton, Reggie B.
Assign. Date : 2/27/2008
Description: Civil Rights-Non-Employ.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ L | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

9

| □ **G.** *Habeas Corpus/* *2255*<br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ **H.** *Employment Discrimination*<br>□ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ **I.** *FOIA/PRIVACY ACT*<br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | □ **J.** *Student Loan*<br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ **K.** *Labor/ERISA (non-employment)*<br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | ⊗ **L.** *Other Civil Rights (non-employment)*<br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>⊠ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ **M.** *Contract*<br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ **N.** *Three-Judge Court*<br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊠ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify)  □ Multi district Litigation  □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Violation 1st + 5th Amend; Area.C 1U; 2 USC 1831(6)(3)(E); 2 USC 60-(6)(4b).
wrconst. discharge from employment

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23  **DEMAND $** 15,000,000.00  Check YES only if demanded in complaint  **JURY DEMAND:** ⊠ YES  □ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  □ YES  ⊠ NO  If yes, please complete related case form.

DATE 2/27/2008  SIGNATURE OF ATTORNEY OF RECORD  *Jeff H Luk*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

I:\forms\js-44.wpd